## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

GLAZING CONCEPTS, INC.,     )
                            )
          Plaintiff,     )
vs.                       )     NO.  CIV-05-0070-HE
                            )
HANOVER INSURANCE COMPANY,    )
et al.,                  )
                            )
          Defendants.     )

## ORDER

Having prevailed at trial on its breach of contract claim against defendant Hanover

Insurance Company ("Hanover"), plaintiff Glazing Concepts, Inc. has filed a motion seeking

attorney's fees totaling $132,117.00, expenses totaling $5,248.63, and prejudgment interest,

all pursuant to 36 Okla. Stat. § 3629(B).  Although Hanover concedes the plaintiff is entitled

to recover a reasonable attorney's fee,  it objects to the amount requested.  The defendant

also opposes the assessment of prejudgment interest.[1]  After consideration of the plaintiff's

submissions and the parties' briefs, the court concludes the plaintiff is entitled to a fee award

---

[1]*Because this is a diversity action governed by Oklahoma substantive law, Oklahoma law also governs the plaintiff's ability to recover attorney's fees and prejudgment interest. Boyd Rosene & Assocs., Inc. v. Kansas Mun. Gas Agency, 123 F.3d 1351,1352 (10th Cir.1997) ("district court, sitting in diversity, must apply the substantive law of the state in which it sits, including its choice-of-law rules, in resolving an attorney's fee issue in a contract suit"); McQuay v. Penn- America Ins. Co., 91 Fed.Appx. 626, 631 (10th Cir. 2003) (in a diversity case, prejudgment interest on a federal court's judgment is a matter of state law); see Taylor v. State Farm Fire & Cas. Co., 981 P.2d 1253 (Okla. 1999).  Post-judgment interest, however, is determined by federal, not state, law.  28 U.S.C. § 1961(a).  Therefore, post-judgment interest will not be assessed, as requested by the plaintiff, at the state rate of 9.25% . (McQuay is an unpublished decision cited for persuasive value only under 10th Cir. R. 36.3(B).).*

in the amount of $110,479.50, plus expenses totaling $5,248.63, but not prejudgment interest.

Attorney's Fees

Hanover contends the plaintiff's fee request is unreasonable and excessive. It objects to the inclusion of time spent by plaintiff's counsel on Glazing Concept's bad faith claim, its claim against defendant Buchanan, Clarke, Schlader, L.L.P. ("BCS"), and on jury instructions. Hanover criticizes the time sheets submitted by plaintiff's counsel, asserting the attorneys engaged in the disapproved practice of "block billing"[2] and inadequately described tasks performed.[3] The defendant also asserts that plaintiff's attorney's fees should be reduced because of the plaintiff's partial success.

The bulk of the time spent by plaintiff's counsel was applicable both to the plaintiff's contract claim and its tort claim. Apportionment as to that time is not possible and the court does not find that the plaintiff attained such partial or limited success that the lodestar amount should be reduced. However, hours that can be segregated and attributed solely to the plaintiff's pursuit of its bad faith claim or the claims it asserted against defendant BCS (principally the time spent responding to defendants' summary judgment motions) will be disallowed. This excludable time consists of 117.05 hours billed at $150/hour for a total of

---

[2]*Block billing occurs when counsel lumps multiple tasks into a single entry of time.*

[3]*The lodestar amount will not be reduced for what Hanover refers to as block billing or vague, generalized time entries. Most of defense counsel's objections were addressed by plaintiff's counsel in an affidavit attached to Glazing Concept's reply brief. Although excludable time was included with other entries in a single time block in the plaintiff's initial fee application, counsel subsequently segregated the time allotted to the various tasks in the supplemental affidavit.*

$17,557.50. An additional number of hours billed appear to be duplicative,[4] necessitating a deduction of 17.2 hours for a total of $2,580.00.

One final deduction will be made for time spent by plaintiff's counsel on jury instructions. The plaintiff's lack of submission of proposed instructions does not preclude its recovery for all time spent by counsel related to the instructions. Some time is compensable. However, the plaintiff's failure to file any proposed instructions, combined with the stock nature of most of the instructions given, warrants a reduction in the total hours billed by counsel that pertain to the instructions. The billed time attributable to jury instructions will be reduced from approximately 15.75 to 5.75 hours, for a deduction of $1500.00.

Having made the specified deductions, the plaintiff will be awarded $110,479.50 in attorney's fees. Glazing Concepts also will recover $5248.63 in expenses, which sum Hanover did not challenge in its response brief.

<u>Prejudgment Interest</u>

Under 36 Okla. Stat. § 3629(B), an insured who prevails in an action against its insurer is entitled to recover prejudgment interest "from the date the loss was payable pursuant to the provisions of the contract to the date of the verdict." Hanover initially argues the loss in this case was never "payable" under the contract terms because the parties had not

---

[4]*The first five entries on the March 31, 2006 statement are identical to the entries bearing the same date on the preceding statement. The time allotted to them has, therefore, been disallowed.*

reached an agreement on the amount of the loss and an appraisal award had not been made. The court need not address this contention because the unliquidated and unascertainable nature of the insured's loss precludes an award of prejudgment interest.

The scope of § 3629 was considered by the Oklahoma Supreme Court in <u>Taylor v. State Farm Fire & Cas. Co.</u>, 981 P.2d 1253 (Okla. 1999), a case which originated in federal court. The plaintiffs in <u>Taylor</u> sued their insurance company for breach of contract and bad faith. Although summary judgment was entered in the insurer's favor on the breach of contract claim,[5] the insureds prevailed at trial on their bad faith claim and were awarded attorney's fees, plus prejudgment interest pursuant to § 3629. The insurer appealed and the Tenth Circuit certified the question of whether an insured could be awarded prejudgment interest and attorney's fees under § 3639, when the insured recovered in tort rather than contract.

Responding to the question, the Oklahoma Supreme Court held that the "[r]ecovery authorized by 3629(B) embraces both contract – and tort-related theories of liability so long as the 'core element' of the damages <u>sought</u> and <u>awarded</u> is composed of the insured loss." *Id.* at 1256. However, while an insured's right to recover fees and interest is not affected by the nature of his claim (tort or contract), the court found it was affected by the nature of the insured's loss. Reading §3629(B) together with 23 Okla. Stat. § 6,[6] the Oklahoma court

---

[5]*The contract claim was not brought within the applicable limitations period.*

[6]*Section 6 provides in part that "[a]ny person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is*

held: "Prejudgment interest on an insured property-loss recovery--as an additional item of damages to the insured--is authorized by the terms of § 3629(B), to be construed together with those of 23 O.S.1991 § 6, *whenever* (a) the insured is the prevailing party and (b) the damages for loss were capable of ascertainment by reference to well-established market values." *Id.* The two statues are interpreted together to form "a single body of law that will fit into a coherent symmetry of legislation." *Id.* at 1261. *Accord* McQuay v. Penn-America Ins. Co., 91 Fed.Appx. 626, 631 (10th Cir. 2003) ("In Oklahoma, two statutory provisions [§3629 and § 6] govern an award or denial of prejudgment interest in a breach of insurance contract case."). When § 3629 is construed with § 6, "the purview of § 3629 is restricted to those property-loss recoveries in which the *insured loss* was for a liquidated amount or for an amount that could be made ascertainable by reference to well-established market values." Taylor, 981 P.2d at 1261;[7] McQuay, 91 Fed.Appx. at 631.

Here, while the "core" of the jury verdict was the insurance proceeds, the damages claimed for business income and extra expenses were not certain, as "their calculation [was] left to the best judgment of the fact-finder." Taylor, 981 P.2d at 1261 n.45. "[C]onflicting evidence [was] weighed to determine the precise amount of damages due." *Id.* Under

---

*vested in him upon a particular day, is entitled also to recover interest thereon from that day ....*" 23 Okla. Stat. § 6.

[7]*In* Taylor *the Oklahoma Supreme Court rejected the theory that "the legislature intended for § 3629 to supersede the terms of 23 O.S.1991 § 6 by making prejudgment interest an across-the-board advantage of* every *prevailing party" in a suit for recovery of the insured property loss.* Taylor*, 981 P.2d at 1261.*

<u>Taylor</u>, the unliquidated, uncertain nature of the insured's loss precludes the plaintiff's recovery of prejudgment interest.  *See* <u>McQuay</u>, 91 Fed.Appx. at 626 (prejudgment interest improperly awarded, as damages – benefits due under commercial property insurance policy covering tavern and its contents – were not ascertainable until determined by jury).

Accordingly, the plaintiff's motion [Doc. #166] is **GRANTED** in part and **DENIED** in part.  The plaintiff will be awarded an attorney's fee in the amount of $110,479.50, plus expenses of $5248.63.  Prejudgment interest will not be allowed.

**IT IS SO ORDERED**.

Dated this 23rd day of May, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE