**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GLAZING CONCEPTS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-05-0070-HE |
| ) | |
| HANOVER INSURANCE COMPANY, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Defendant Buchanan, Clarke, Schlader, L.L.P. ("BCS") was awarded costs pursuant to 28 U.S.C. § 1920 in the amount of $6,468.65 for depositions and $5,554.93 for copies, after summary judgment was granted in its favor. Plaintiff Glazing Concepts, Inc. then filed a motion for review of the clerk's taxation of costs, contending BCS is entitled to recover the cost of only one deposition, that of Michael Clarke, which it used in its successful motion for summary judgment. The plaintiff also asserts that of the $5,554.93[1] taxed as costs for copies, $2,796.96 was the result of BCS copying its own work papers to supply them to its expert witness. That sum, BCS contends, should be excluded as costs for internal or "convenience copies."

The court concurs with the plaintiff in part. BCS may not recover the cost of copying its own work papers for the convenience of its expert witness. "'Necessarily obtained'" does not mean that the materials obtained added to the convenience of the parties ...." Callicrate

---

[1] *Based on the invoices BCS provided the court, it appears the actual amount expended for copies was $5,854.93, not $5,554.93. However, as BCS has not challenged the amount taxed, any objection it might have to the sum of $5,554.93 has now been waived.*

v. Farmland Indus., Inc., 139 F.3d 1336, 1340 (10th Cir. 1998).

BCS will, however, be awarded the deposition costs it has requested, as they were "reasonably necessary for litigation." Callicrate, 139 F.3d at 1339. The deposed witnesses were listed by the plaintiff as persons knowledgeable of the facts underlying its claims and, "[a]t the time that the parties engage in discovery ... they may not know whether such a motion [for summary judgment] will be granted or whether they will be forced to proceed to trial." Id. at 1340. For purposes of § 1920, there is no requirement that the deposition testimony actually be used. "[I]t is ordinarily best to judge reasonable necessity under §1920 in light of the facts known to the parties at the time the expenses were incurred." Id. (discussing in detail the standards of § 1920 and applying them to § 1919).

Accordingly, the plaintiff's motion to review the court clerk's award of costs [Doc. #194] is **GRANTED in part** and **DENIED** in part. Costs will be taxed against the plaintiff for deposition expenses in the amount of $6,468.65 and copies in the amount of $2,757.97, for a total of $9226.62.

**IT IS SO ORDERED**.

Dated this 27th day of June, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE